UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUE ANN EDWARDS, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., et al., <br><br>  Defendants. | CASE NO. C10-5839BHS <br><br> ORDER GRANTING CHASE'S MOTION TO DISMISS |

This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss (Dkt. 27). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 8, 2010, Plaintiffs Sue Ann and William P. Edwards ("the Edwards") filed a complaint against Defendants Chase, as successor in interest to Washington Mutual Bank ("WaMu") and Dallas Yetter ("Yetter"). Dkt. 4. On June 6, 2011, the Edwards filed a First Amended Complaint ("FAC") alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; Regulation Z, 12 C.F.R. Part 226; Washington State Consumer Protection Act ("CPA"), R.C.W. Chapter 19.86; fraud

and/or misrepresentation; breach of a fiduciary duty; and unjust enrichment. Dkt. 19. The Edwards request quiet title, injunctive relief, and monetary damages. *Id*.

On June 23, 2011, Chase filed a motion to dismiss. Dkt. 27. On July 11, 2011, the Edwards responded. Dkt. 28. On July 15, 2011, Chase replied. Dkt. 29.

## II. FACTUAL BACKGROUND

In 2001, the Edwards purchased property located at 203 East Wishkah Road, Aberdeen, Washington ("Property"). FAC, ¶ 8. The Edwards allege that they lived on the Property until sometime in 2006. *Id*. ¶ 10. At that time, the Edwards partnered with Yetter to remodel and, eventually, sell the Property. *Id*. ¶¶ 11-12.

On May 24, 2006, the Edwards gave a 1/3 interest in the Property to Yetter via quitclaim deed. *Id*. ¶ 13. On October 12, 2006, Yetter obtained a $54,750 home equity line of credit ("HELOC") from WaMu, secured by a Deed of Trust. *Id*. ¶¶ 19, 21; Dkt. 15, Declaration of Nancy Velasquez ("Velasquez Decl."), Exh. A ("HELOC Agreement"), Exh. B ("Deed of Trust"). The HELOC Agreement was signed by Yetter whereas the Deed of Trust was signed by the Edwards, Yetter, and Yetter's wife, Tamara.

On November 8, 2006, WaMu, Yetter and the Edwards executed a modification of the HELOC Agreement and Deed of Trust. *Id*. Exh. C ("Modification Agreement"). Although the Edwards appeared to have signed the Modification Agreement, they allege that they "were not given any details of the modified promissory note." FAC, ¶ 23. The agreement states that Yetter's credit limit would be increased from $54,750 to $220,475 and that the Property would serve as security for the increased credit line. Modification Agreement at 3.

On September 25, 2008, WaMu was placed in receivership with the FDIC, which immediately sold many of WaMu's assets to Chase. *See* Purchase and Assumption

ORDER - 2

Agreement ("P&A")[1]. Chase did not assume any WaMu liabilities involving "claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower . . . related in any way to any loan or commitment to lend made by [WaMu]" before September 25, 2008, when WaMu was placed into FDIC receivership, "or otherwise arising in connection with [WaMu's] lending or loan purchase activities." *Id*. at 9, § 2.5. In connection with that transaction, Chase acquired from the FDIC all WaMu's Washington loans. *See id*. at 4.

Plaintiffs allege that in early 2009, they were told by Yetter that he had diverted loan funds to "other investments," was behind on his loan payments to Chase, and in default. FAC, ¶ 27. Yetter stopped making any payments on the loan, and ultimately filed for bankruptcy in February 2010. *Id*. ¶ 28. Chase claims that it initiated foreclosure procedures in June 2010 after Yetter failed to cure the default. Dkt. 27 at 14.

## III. DISCUSSION

### A. Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a

---

[1] http://www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf

ORDER - 3

claim to relief that is plausible on its face." *Id*. at 1974. When deciding a motion to dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

**B.    Chase's Motion**

Chase moves to dismiss all of the Edwards' causes of action and requests for relief. Dkt. 27 at 11 (ECF pagination). The Court has previously held that the P&A "relieves Chase of all liability for borrowers' claims relating to loans made by Washington Mutual prior to September 25, 2008." *Danilyuk v. JPMorgan Chase Bank, NA*, 2010 WL 2679843, *5 (W.D. Wash. July 02, 2010) (Robart, J.). The Edwards have failed to provide a persuasive reason to depart from this holding. Therefore, the Court concludes that the Edwards have failed to allege facts to support claims for damages against Chase for violations of TILA, the CPA, fraud, misrepresentation, breach of a fiduciary duty, and unjust enrichment, and grants Chase's motion on these claims.

The Edwards' remaining causes of action and requests for relief are rescission under TILA, quiet title, and injunctive relief.

**1.    Rescission**

Chase argues that the Court should dismiss the Edwards' request for rescission because (1) TILA does not apply because the loan was for a business purpose and not owner occupied; (2) the TILA claim is time-barred; (3) Plaintiffs do not allege that they can tender loan proceeds, as required for rescission; (4) any TILA rescission claim was extinguished at the FDIC; and (5) the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 18 U.S.C. § 1811, *et seq*. ("FIRREA"), bars actions to rescind loans sold by the FDIC. Dkt. 27 at 19. The Court has reviewed the parties' positions with respect to all of these issues and it appears that some of the issues may be remedied with appropriate amendments to the FAC. The Court, however, finds that the time-bar issue is dispositive and that any attempted amendment would be futile. Thus, the Court will only address this issue.

Chase argues that the Edwards' rescission claim is time barred. Dkt. 27 at 21. TILA provides in part as follows:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .

15 U.S.C. § 1635(f). Consummation occurs when "a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13).

In this case, Chase asserts that the Edwards became contractually obligated, at the latest, when they signed the Modification Agreement in November 2006. Dkt. 29 at 12. The Edwards counter that they became contractually obligated when Yetter received a discharge in bankruptcy and they were then obligated to cure the default under the Deed of Trust. Dkt. 28 at 5. The Edwards confuse performance with formation and fail to cite either a provision of the applicable agreements or a case in support of their contention. In fact, a review of the Deed of Trust shows that the Edwards were immediately obligated to perform certain tasks upon signing the document. *See* Deed of Trust, ¶ 4 (Grantors' promises). Therefore, the Court agrees with Chase that the Edwards consummated the transaction in November 2006 at the latest.

The Edwards filed this action in December 2010. This was more than one year beyond the applicable statute of limitations for the Edwards' rescission claim under TILA. Therefore, the Court grants Chase's motion and dismisses this claim.

**2.     Quiet Title**

Chase argues that the Edwards have no viable basis for a quiet title claim. Dkt. 27 at 32. Quiet title actions are "designed to resolve competing claims of ownership . . . [or] the right to possession of real property." *Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001). The Court has recently held that:

> Under a deed of trust, a borrower's lender is entitled to invoke a power of sale if the borrower defaults on its loan obligations. As a result, the

> borrower's right to the subject property is contingent upon the borrower's satisfaction of loan obligations. Under these circumstances, it would be unreasonable to allow a borrower to bring an action to quiet title against its lender without alleging satisfaction of those loan obligations.

*Evans v. BAC Home Loans Servicing LP*, 2010 WL 5138394 (W.D. Wash. December 10, 2010) (Martinez, J.).

In this case, the Edwards have failed to allege that they have satisfied the loan obligations secured by the Deed of Trust and that they have a competing claim of ownership. Therefore, the Court grants Chase's motion to dismiss this claim.

### 3. Injunctive Relief

The Edwards seek preliminary and permanent injunctive relief preventing Chase from foreclosing on the Property. FAC, ¶¶ 70-73 & Section XII ¶ 6. The Edwards, however, have failed to state a cognizable claim for relief against Chase. Therefore, the Court grants Chase's motion on this issue and dismisses the Edwards' requests for injunctive relief.

## C. Leave to Amend

In the event a court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, the Court finds that any amendment made by the Edwards would be futile. First, the Edwards' claims for damages are barred by Chase's P&A agreement. Second, the Edwards claim for rescission is time barred. Third, the Edwards have no right to a quiet title action because there is no competing claim for ownership. Fourth, the Edwards have no right to injunctive relief absence a viable cause of action against Chase. Therefore, the Court declines to grant the Edwards leave to amend their complaint against Chase.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Chase's motion to dismiss (Dkt. 27) is **GRANTED**.

DATED this 11th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7